## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| : | |
| : | |
| : | |
| DANA CLARK STEVENSON : | |
| : | |
| : | |
| : | DOCKET NO: |
| : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | **JURY TRIAL** |
| : | |
| THE COUNTY OF SALEM, : | |
| JOHN S. CUZZUPE in his individual : | |
| and official capacities : | |
| JOHN DOES 1-50 : | **COMPLAINT** |
| Defendant. : | |

_____

## INTRODUCTION

This is Dana Clark Stevenson's individual action to vindicate her rights under the United States Constitution Fourth and Fourteenth Amendments, the Civil Rights Act 42 U.S.C.A. 1983;  the New Jersey Constitution Art. 1 ¶1, New Jersey State law and the New Jersey Civil Rights Act N.J.S.A. 10:6-2.

Plaintiffs claims span from 2015 through December 31, 2020 which emanate from Stevenson v. Salem County, SLM-92-17 which is a settled class action.  Dana has opted-out of that class action settlement and now brings her claims.

### PARTIES

1.  Plaintiff Dana Clark Stevenson is a resident of Salem County New Jersey.

2.   Defendant County of Salem (the "County") is a county government organized and existing under the laws of the State of New Jersey.  At all times relevant hereto, the County, acting through the Salem County Correctional Facility and its personnel and the personnel of the County, was responsible for the policies, practices, supervision, implementation and conduct of all matters pertaining to the center and was responsible for the appointment, training, supervision and conduct of all personnel, including those working in the Salem County Correctional Facility. In addition, at all relevant times, the County was responsible for enforcing the rules of the Correctional Facility and for ensuring that detention personnel obeyed the Constitution and laws of the United States and of the State of New Jersey.

3.   John Cuzzupe being sued in his individual and official capacity is the most senior employee/officer/official with ultimate hiring and firing authority and the ability to make policy of the Salem County Jail under  the oversight of the Salem County Board of Chosen Freeholders.

## FACTS

4.   From 2015 through December 31, 2021 Plaintiff was admitted to the Salem County Jail on several occasions

5.   Upon admission Plaintiff was simultaneously subject to a body image scan and a strip search.

6.   Plaintiff was then detained in a cell alone.

7.   Plaintiff was classified as "at-risk" without seeing a medical professional.

8.   A CO escorted Plaintiff to the "at-risk" unit.

9.   Plaintiff was directed to a shower room located in the "at-risk" unit.

10. Plaintiff was forced under color of law to submit to a strip search upon admission to

the "at-risk" unit.

11. Plaintiff was forced to wear an anti-suicide smock.

12. The anti-suicide smock was uncomfortable, was too small, lacked functional

fasteners and was immodest.

13. Plaintiff was caged in a cell 23.7-24.7 and only permitted into the "at-risk" unit.

14. Plaintiff's cell had a camera ("CCTV").

15. The CCTV live streamed to 15-20 locations throughout the Jail.

16. The CCTV retained footage for up to 100 days.

17. Plaintiff was strip searched in her cell.

18. Cross-gender viewing is permissible.

19. Plaintiff was routinely strip searched because she was classified as "at-risk".

20. As a direct and proximate cause Plaintiff was ""demeaned, dehumanized, treated

with a lack of dignity, humiliated, terrified, embarrassed, [shamed] repulsed,

degraded, and forced into submission . . . ."

## CAUSES OF ACTION

### COUNT ONE
### FOURTH AMENDMENT VIOLATION OF REASONABLE EXPECTATIONS OF PRIVACY FROM GOVERMENTAL INTRUSION; Violation of Article 1 Paragraph Seven of the New Jersey Constitution/N.J.S.A. 2A:161A-1 et seq - Under Color of State Law – Strip Searching Non-Indictable detainees.

21. Plaintiff incorporates by reference and realleges each and every allegation stated in

paragraphs 1 through 20.

22. The United States Constitution Fourth Amendment and New Jersey Constitution

Art. 1 ¶7  protect against unreasonable governmental intrusions into privacy.  The

Fourth Amendment is applicable to the States through the Fourteenth Amendment.

23. Salem County is a governmental entity to which the United States Constitution and New Jersey Constitution applies.

24. Defendants violated the United States Constitution Fourth Amendment and New Jersey Constitution Art. 1 ¶7 by and through the Salem County policy and practice to subject detainees to a body image scanning device contemporaneous to a bend and spread strip search.

25. It is well established that jails may not strip search a detainee after having already been searched with no intervening opportunity to obtain contraband.

26. It is well established under the United States Constitution Fourth Amendment and so the New Jersey Constitution Art. 1 ¶7   that jails may not conduct routine strip searches in a closed custody unit.

27. The New Jersey Strip Search statute provides more protection than the United States Constitution Fourth Amendment.

28. Salem County and Warden Cuzzupe violate the United States Constitution Fourth Amendment and New Jersey Constitution Art. 1 ¶7 by and through their policy to conduct routine strip searches in a closed custody unit.

29. Warden Cazzupe knowingly and intentionally violates the violates the United States Constitution Fourth Amendment, the New Jersey Constitution Art. 1 ¶7 and New Jersey law.

30. Warden Cuzzupe's conduct is in willful and wanton disregard of his obligation to

treat detainees humanely.

31. Salem County's excessive strip search policy is conducted under color of state law.

32. Warden Cuzzupe's actions are conducted under color of state law.

33. Additionally, the placement of cameras in cells of detainees implicates the United States Constitution Fourth Amendment and New Jersey Constitution Art. 1 ¶1 right to be free from unreasonable intrusion.

34. Salem County's electronic surveillance policy which broadcast Plaintiff being strip searched was unreasonable and in violation of the United States Constitution Fourth Amendment and New Jersey Constitution Art. 1 ¶1.

35. Salem County's electronic surveillance policy which broadcast Plaintiff being strip searched was unreasonable and in violation of the United States Constitution Fourth Amendment and New Jersey Constitution Art. 1 ¶1 because Salem County permitted cross-gender viewing.

36. Salem County's electronic surveillance policy which broadcasts the intimate details of detainee's bodily acts and bodily functions is done under color of state law.

37.  Salem County's electronic surveillance policy which broadcasts the intimate details of detainees' bodily acts and bodily functions done  under color of state law is unreasonable under the Fourth Amendment and Art. 1 ¶7.

38. This conduct on the part of Defendant represents violations of 42 U.S.C.A. 1983 and the pendent New Jersey Civil Rights Act N.J.S.A. 10:6-2.

39. Plaintiff through the force of law as a direct and proximate result of Defendants' unlawful conduct was "demeaned, dehumanized, treated in an undignified

manner, humiliated, terrified, embarrassed, repulsed and was forced into complete

submission with no ability to act volitionally.

## COUNT TWO

**UNITED STATES CONSTITUTION FOURTEENTH AMENDMENT
PROCEDURAL DUE PROCESS
NEW JERSEY CONSTITUTION ART. 1 ¶1
PROCEDURAL DUE PROCESS**

40. Plaintiff incorporates by reference and reallege each and every allegation stated in

paragraphs 1 through 39.

41. Both the United States Constitution and the New Jersey Constitution provide

Procedural Due process.

42. Procedural Due Process provides protection from deviation from expectations

created by state law when that deviation causes atypical conditions for the victim.

43. New Jersey law creates expectation that detainees will treated humanely and with

dignity.

**SUICIDE IDENTIFICATION AND PREVENTION POLICY**

44. New Jersey creates an expectation that detainees will only be classified as "at-risk

through compliance with N.J.A.C. 10A:31-13.24.

45. New Jersey law N.J.A.C. 10A:31-13.24 provides

> **(a)** The adult county correctional facility Administrator or designee
> shall ensure that a written suicide prevention and intervention
> plan shall be developed that is reviewed and approved by a
> qualified medical or mental health professional.

**(b)** This plan shall include provisions for training staff responsible for inmate supervision, as well as specific procedures for intake screening, identifying and supervising inmates who may be at risk for suicidal behavior.

46. Salem County and Warden Cazzupe know that its written suicide prevention and intervention plan was not developed, reviewed, nor approved by a qualified medical or mental health professional.

47. Warden Cazzupe knowingly and intentionally violates the violates the United States Constitution Fourth Amendment, the New Jersey Constitution Art. 1 ¶7 and New Jersey law.

48. Plaintiff's expectation of being treated humanely was shattered by Defendants' unlawful policy and practice using a corrections' "at-risk" classification policy instead of one approved by a medical doctor.

49. The consequences of "at-risk" classification results in atypical and significant hardship in relation to the ordinary incidents of prison life including:

      a. Being required to wear an anti-suicide gown for days where the Velcro does not function;

      b. Being restricted to a cell 23/7-24/7

      c. Being restricted to a cell 23/7-24/7 where a camera broadcasts and retains footage of everyday life activities

      d. Being monitored with electronic surveillance

      e. Being routinely strip searched.

50. Defendants willfully and wantonly refuse to comply with expectations which N.J.A.C. 10A:31-13.24 creates.

**ELECTRONIC SURVEILLANCE**

51. In addition, New Jersey law creates an expectation under N.J.A.C. 10A:31-8.13 that

detainees will be treated humanely and with dignity.  But, instead the victims are

treated as less than human for no apparent reason as described above.

52. New Jersey law creates an expectation that detainees will only be subject to

electronic surveillance in compliance with  N.J.A.C. 10A:31-8.13.

53. New Jersey law N.J.A.C. 10A:31-13.24 provides:

> **a)** Observation through electronic surveillance systems may be used to
> observe *special risk inmates* and to observe inmates during movement
> and other activities and only when approved by the adult county
> correctional facility Administrator. Electronic surveillance shall not
> substitute for regular contact with staff members.
>
> **(b)** Electronic surveillance should be utilized in such a manner as to *avoid
> interference with the privacy of inmates*, wherever possible.

54. Salem County and Warden Cazzupe knowingly and intentionally violate N.J.A.C.

10A:31-13.24

55. Consistent with Salem County's unlawful suicide identification and prevention

policy, there is no evidence that Plaintiff was a *special risk inmate*.

56. Warden Cuzzupe knowingly and intelligently violates New Jersey law in a willful

and wanton manner.

57. Salem County, by and through its Warden, do nothing to minimize the intrusion

created by its electronic surveillance policy.

58. Instead, the victims' privacy is grossly invaded by Salem County's

indiscriminately broadcasting  the feed to 15 to 20 locations throughout the jail.

59. Defendants have willfully and wantonly violated the expectations of New Jersey law.

60. Salem County's policies and practices concerning New Jersey's electronic surveillance policy is an atypical and significant deviation from normal jail policy.

61. Salem County's policies and practices are in violation of Procedural Due Process protected by the United States 14th Amendment and New Jersey Art. 1¶1.

### Count III
### UNLAWFUL "AT-RISK" CLASSIFICATION
### New Jersey Civil Rights statute

62. Plaintiff includes paragraphs 1-61 as if set forth herein at length.

63. New Jersey law prohibit detainees from being classified as "at-risk" absent a suicide identification and prevention plan under the auspices of a medical doctor.

64. Salem County willfully and intentionally disregards its legal duty to comply with New Jersey law.

65. Warden Cazzupe knowingly and intentionally violates New Jersey law.

66. The unlawful classification policy and practice are done under color of state law.

67. Plaintiff sues under the New Jersey Civil Rights Act N.J.S.A. 10:6-2

68. Plaintiff through the force of law as a direct and proximate result of Defendants' unlawful conduct was "demeaned, dehumanized, treated in an undignified manner, humiliated, terrified, embarrassed, repulsed and was forced into complete submission with no ability to act volitionally.

# Count IV
## UNLAWFUL SURVEILLANCE
### New Jersey Civil Rights Act

69. Plaintiff includes paragraphs 1-68 as if set forth herein at length.

70. New Jersey law prohibits surveillance of detainees absent a special risk status.

71.  Salem County unlawfully designated Plaintiff as "at-risk" and as such were not entitled to surveil her.

72. New Jersey law requires Salem County to minimize the intrusion of its electronic surveillance.

73. Salem County is in willful and intentional violation of New Jersey law.

74. The unlawful classification policy and practice are done under color of state law.


75. Warden Cazzupe knowingly and intentionally violates the violates the United States Constitution Fourth Amendment, the New Jersey Constitution Art. 1 ¶7 and New Jersey law.

76. Plaintiff sues under the New Jersey Civil Rights Act N.J.S.A. 10:6-2.

77. Plaintiff through the force of law as a direct and proximate result of Defendants' unlawful conduct was "demeaned, dehumanized, treated in an undignified manner, humiliated, terrified, embarrassed, repulsed and was forced into complete submission with no ability to act volitionally.

**Count V**
**UNLAWFUL STRIP SEARCHES**
**New Jersey Civil Rights Act**

78. Plaintiff includes paragraphs 1-77 as if set forth herein at length.

79. Plaintiff was admitted to the Salem County Jail on non-indictable charges.

80. It was unlawful under N.J.S.A. 2A:161A-1(c) for Dana to be strip searched.

81. Additionally, the New Jersey strip search statute prohibits strip searching non-indictable and indictable detainees after admission to an "at-risk" unit because the regulation only permits strip searches "prior to admission".

82. Defendant and Salem County are in willful violation of New Jersey law.

83. Plaintiff sues under the New Jersey Civil Rights Act N.J.S.A. 10:6-2.

84. Plaintiff through the force of law as a direct and proximate result of Defendants' unlawful conduct was "demeaned, dehumanized, treated in an undignified manner, humiliated, terrified, embarrassed, repulsed and was forced into complete submission with no ability to act volitionally.

## **Count VI**
## **New Jersey Law Against Discrimination**
## **Public Accommodation**
## **New Jersey Constitution Art. 1 ¶1 and New Jersey Civil Rights Act**

85. Plaintiff includes paragraphs 1-84 as if set forth herein at length.

86. The Salem County Jail is a "Public Accommodation" as defined under law.

87. Public Accommodation protections include the protection of female detainees from being subject to exposure of their naked bodies indiscriminately broadcast throughout the Jail, predominated by male staff.

88. Defendants' actions are severe and pervasive.

89. Plaintiff states a cause of action under the NJLAD.

90. Warden Cuzzupe is an aider and abettor under the NJLAD.

91. Defendants violation of the NJLAD are made through the knowing and intentional violation of policy makers giving rise to punitive damages.

**92.** Plaintiff through the force of law as a direct and proximate result of Defendants' unlawful conduct was "demeaned, dehumanized, treated in an undignified manner, humiliated, terrified, embarrassed, repulsed and was forced into complete submission with no ability to act volitionally.

### Count VII
### New Jersey Law Against Discrimination
### Public Accommodation
### New Jersey Constitution Art. 1 ¶1 and New Jersey Civil Rights Act
### United States Constitution Fourteenth Amendment 42 U.S.C.A. 1983

93. Plaintiff incorporates paragraphs 1-92 as if set forth herein at length.

94. New Jersey law creates expectations that detainees in a county correctional facility will be treated humanely.

95. There is an expectation that detainees will be provided suitable clothing. N.J.A.C. 10:31-12.1.

96. Defendants fail to treat detainees humanely by forcing them under color of law to wear unwashed suicide gowns which lack fasteners and are immodest.

97. Procedural Due Process provides protection from deviation from expectations created by state law when that deviation causes atypical conditions for the victim.

98. Forcing detainees through color of State law violates the Fourteenth Amendment Due Process by creating an atypical condition of confinement.

99. As such, Defendants have violated Plaintiffs legal and constitutional rights under color of law.

100.       Defendant Cuzzupe has knowingly and intentional violated the rights of Plaintiff and the Class.

**101.**       As a direct and proximate result of Defendants' unlawful conduct was "demeaned, dehumanized, treated in an undignified manner, humiliated, terrified, embarrassed, repulsed and was forced into complete submission with no ability to act volitionally.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff request that this Court grant them the following relief:

- A judgment against Defendant awarding compensatory damages for all damages cognizable under law including emotional distress;

- Punitive damages against the Salem County for its willful and intentional violation of the NJLAD.

13

- Punitive damages against the individual defendant Warden John S. Cuppuze for his willful and wanton conduct;

- All damages be calculated to include pre- and post judgement interest

- A declaratory judgment against Defendant declaring Salem County's policies, practices and customs to be unconstitutional and/or violations of their rights.

- A preliminary and permanent injunction enjoining Salem County from continuing the unconstitutional/illegal policies, practices and customs to be unconstitutional and/or violations of their rights including appointment of medical Trustees.

- A monetary award for attorney's fees and the costs of this action.

- All other relief which is just and proper.

**JURY TRIAL**

Plaintiffs demand a jury as to all issues.

14

Respectfully submitted

*s/William Riback 013581994*
WILLIAM RIBACK, LLC
William Riback, Esquire  013581994
1101 N. Kings Highway, Suite 210
Cherry Hill, NJ 08034
856/857-0008

Mark Kancher, Esquire 280291972
1101 N. Kings Hwy, Suite 210
Cherry Hill, NJ 08034
856.795.2440
Mark@Kancherlaw.com